**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WESTIN RIVERWALK,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 04-1490C<br>(Judge G.W. Miller) |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND APPENDIX

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

OF COUNSEL:

BURTON GRAY
Attorney
Litigation & Employment Law Section
Office of the Chief Counsel
National Guard Bureau
Arlington, VA 22202-3231

June 30, 2005

Attorneys for Defendant

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . ii

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT . . . . . 1

DEFENDANT'S BRIEF . . . . . 1

STATEMENT OF THE ISSUE . . . . . 1

STATEMENT OF THE CASE . . . . . 1

I. Nature Of The Case . . . . . 1

II. Statement Of Facts . . . . . 2

SUMMARY OF THE ARGUMENT . . . . . 2

ARGUMENT . . . . . 3

I. Standard Of Review . . . . . 3

II. The February 1, 2002 Contract Between The Parties Is A Firm-Fixed-Price Contract That Was Not Modified By Written Agreement Of The Parties . . . . . 4

A. A Firm-Fixed-Price Contract Does Not Permit Westin To Bill The Government Upon A Consumption Basis . . . . . 4

B. Any Modifications Made To The February 1, 2002 Contract Between The Parties Were Not Accomplished By Bilateral Written Agreement As The Contract Required . . . . . 7

C. Even If Written Modifications Were Made To The Contract, The Modifications Were Not Approved By A Government Agent With Explicit Or Implicit Actual Authority To Bind The Government . . . . . 8

CONCLUSION . . . . . 12

## TABLE OF AUTHORITIES

CASES

Page

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) . . . . . . . . . . 3, 4

Celotex Corp. v. Catrett,
477 U.S. 317 (1986) . . . . . . . . . . 4

City of El-Centro v. United States,
922 F.2d 816 (Fed. Cir. 1990) . . . . . . . . . . 8, 9

Consortium Venture Corp. v. United States,
5 Cl. Ct. 47 (1984) . . . . . . . . . . 8

Dalton v. Cessna Aircraft Co.,
98 F.3d 1298 (Fed. Cir. 1996) . . . . . . . . . . 6

Doe v. United States,
48 Fed. Cl. 495 (2000) . . . . . . . . . . 3, 4, 8-10

Federal Crop Ins. Corp. v. Merrill,
332 U.S. 380 (1947) . . . . . . . . . . 8

Fincke v. United States,
230 Ct. Cl. 233, 675 F.2d 289 (1982) . . . . . . . . . . 8

First Enter. v. United States,
61 Fed. Cl. 109 (2004) . . . . . . . . . . 5

Gen. Dynamics Corp. v. United States,
47 Fed. Cl. 514 (2000) . . . . . . . . . . 7

Goldberg v. Weinberger,
546 F.2d 477 (2d Cir. 1976) . . . . . . . . . . 8

Goldsmith v. United States,
42 Fed. Cl. 664 (1999) . . . . . . . . . . 7

H. Landau & Co. v. United States,
886 F.2d 322 (Fed. Cir. 1989) . . . . . . . . . . 9

Page

Harbert/Lummus Agrifuels Projects v. United States,
142 F.3d 1429 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Info. Sys. & Networks Corp. v. United States,
64 Fed. Cl. 599 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

JGB Enter. Inc. v. United States,
63 Fed. Cl. 319 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Lane Bryant, Inc. v. United States,
35 F.3d 1570 (Fed. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Mil-Spec Contractrors, Inc. v. United States,
835 F.2d 865 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Mingus Constructors, Inc. v. United States,
812 F.2d 1387 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Olympus Corp. v. United States,
98 F.3d 1314 (Fed. Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ralph Larson & Son, Inc. v. United States,
17 Cl. Ct. 39 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SCM Corp. v. United States,
219 Cl. Ct. 459, 595 F.2d 595 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Textron Def. Sys. v. Widnall,
143 F.3d 1465 (Fed. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Varilease Tech. Group, Inc. v. United States,
289 F.3d 795 (Fed. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATUTES

41 U.S.C. §§ 601 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

41 U.S.C. § 605 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REGULATIONS

5 C.F.R. § 1315.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Page

48 C.F.R. §§ 1.601-03 . . . . . . . . . . 9, 10

48 C.F.R. § 16.202-1 . . . . . . . . . . 5

48 C.F.R. § 16.202-2(c) . . . . . . . . . . 6

48 C.F.R. § 52.212-4(c) . . . . . . . . . . 3, 7

ADDITIONAL SOURCES

Nat'l Guard Fed. Acquisition Reg. Suppl. §§ 1.601-100, 1.602-1 . . . . . . . . . . 9

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WESTIN RIVERWALK,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 04-1490C<br>(Judge G.W. Miller) |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND APPENDIX

Pursuant to Rule 56(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this motion for summary judgment.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUE

Whether defendant is entitled to summary judgment because the contract between the parties is a firm-fixed-price contract that was never subject to any written modification to increase the contract price.

STATEMENT OF THE CASE

I. Nature Of The Case

This dispute stems from contract number DAHA90-02-P-0063, dated February 1, 2002, in which plaintiff, Westin Riverwalk ("Westin"), agreed to provide the National Guard Bureau ("NGB") with food and beverage service and audio visual equipment during the Air National Guard ("ANG") conferences at the Westin from February 11 through February 15, 2002, in

exchange for payment in the amount of $4,928.00. A 1-7.[1] Westin appears to have charged the NGB upon a consumption basis for these services. A 29-34. Furthermore, Westin alleges that Chief Master Sergeant Renee Chapman, the ANG's point of contact for the conference, made "oral and/or written" modifications to the contract, which resulted in increased costs. A 27. Westin further alleges that it provided the services to the Government and the Government has refused to pay an unpaid balance of $4,746.56. Compl. ¶¶ 3,6.[2] Westin never made a request for an equitable adjustment of the contract award amount to the contracting officer.

Pursuant to the Contract Disputes Act of 1978 ("CDA"), 41 U.S.C. §§ 601 et seq., Westin filed a claim with the contracting officer on September 18, 2003. Id. (attachment 1). The contracting officer did not respond to this claim, resulting in a deemed denial. See 41 U.S.C. § 605. Westin instituted this action on September 24, 2004. Westin requests that the Court enter judgment in its favor in the amount of $4,746.56 plus interest, attorney fees, and costs. Compl. at 2.

## II. Statement Of Facts

For our statement of facts, we rely primarily upon our proposed findings of uncontroverted fact, filed simultaneously with this motion, and the appendix, filed simultaneously with this motion.

## SUMMARY OF THE ARGUMENT

The Government is entitled to summary judgment in its favor because the contract between the parties was a firm-fixed-price contract that placed the burden of additional costs

[1] "A ___" refers to the appendix, filed simultaneously with this motion.

[2] "Compl.__" refers to the complaint filed by plaintiff on September 24, 2004.

upon Westin. Westin had no authority to bill the NGB based upon a consumption or cost basis because the firm-fixed-price contract placed the risk of loss upon Westin if the actual cost of providing the services was more than the total amount awarded in the contract ($4,928.00).

Furthermore, there is no competent evidence to suggest that written modifications were made to the contract. The contract's incorporated provisions require any changes in the terms or conditions of the contract to be made "only by written agreement of the parties." 48 C.F.R. § 52.212-4(c).

Moreover, there is no competent evidence to suggest that Chief Master Sergeant Chapman made any material changes to the contract in writing. However, even assuming for argument's sake that she did make such changes, she had no actual authority to bind the Government. Only the contracting officer had the authority to make modifications that would bind the Government. For these reasons, there are no genuine issues of material fact, and defendant is entitled to judgment as a matter of law.

## ARGUMENT

### I. Standard Of Review

Summary judgment may be granted where there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987); Ralph Larson & Son, Inc. v. United States, 17 Cl. Ct. 39, 42 (1989). Disputes over facts which are not outcome determinative under the governing law will not preclude the entry of summary judgment. Doe v. United States, 48 Fed. Cl. 495, 499 (2000) (citing Anderson, 477 U.S. at 247-48; Lane Bryant, Inc. v. United States, 35 F.3d 1570 (Fed. Cir.

1994)). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Id. (quoting Anderson, 477 U.S. at 248). However, summary judgment is appropriate when the sole dispute concerns the interpretation of a Government contract, a question of law. Id. at 499-500 (citing Olympus Corp. v. United States, 98 F.3d 1314, 1316 (Fed. Cir. 1996)).

Pursuant to RCFC 56(c), summary judgment shall be granted when the pleadings, depositions, answers to interrogatories, admissions, and affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The party moving for summary judgment has the initial burden to produce evidence showing the absence of a genuine issue of material fact; however, this burden may be discharged if the moving party can demonstrate that there is an absence of evidence to support the nonmoving party's case. Doe, 48 Fed. Cl. at 500 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)) (additional citations omitted). "If the moving party makes such a showing, the burden then shifts to the nonmoving party to demonstrate that a genuine factual dispute exists by presenting evidence which establishes the existence of an element essential to its case upon which it bears the burden of proof." Id. (citations omitted).

## II. The February 1, 2002 Contract Between The Parties Is A Firm-Fixed-Price Contract That Was Not Modified By Written Agreement Of The Parties

### A. A Firm-Fixed-Price Contract Does Not Permit Westin To Bill The Government Upon A Consumption Basis

Contract interpretation is an issue of law that is amenable to summary judgment. Varilease Tech. Group, Inc. v. United States, 289 F.3d 795, 798 (Fed. Cir. 2002) (citing Textron

Def. Sys. v. Widnall, 143 F.3d 1465, 1468 (Fed. Cir. 1998)) . Westin and the NGB entered into a firm-fixed-price contract, which means that Westin bore the risk of loss.

> A firm-fixed-price contract provides for a price that is not subject to any adjustment on the basis of the contractor's cost experience in performing the contract. This contract type places upon the contractor maximum risk and full responsibility for all costs and resulting profit or loss.

48 C.F.R. § 16.202-1. In a firm-fixed-price contract, such as the one in dispute, the contractor is obligated to complete the designated performance for the fixed amount of compensation specified regardless of the costs that are incurred. Info. Sys. & Networks Corp. v. United States, 64 Fed. Cl. 599, 604-05 (2005). This type of contract provides maximum incentive for the contractor to control costs and perform effectively, and imposes a minimum administrative burden upon the contracting parties. 48 C.F.R. § 16.202-1. Regardless of any additional costs Westin possibly incurred, the firm-fixed-price nature of the contract precludes any additional compensation absent any written modification to the contract by the contracting officer.

The February 1, 2002 contract entered into by the parties was clearly a firm-fixed-price contract according to the terms and nature of the contract as described further below.[3] When a firm-fixed-price contract is used, both the Government and the contractor are aware of the total contract price at the time of acceptance. First Enter. v. United States, 61 Fed. Cl. 109, 124 n.23 (2004) (citing 48 C.F.R. § 16.202-1). In this case, the contract signed by Contracting Officer Mary Ann Enz upon behalf of the Government had a total award amount of $4,928.00. A 1.

---

[3] Defendant was unable to locate a copy of contract number DAHA90-02-P-0063 with the signatures of both parties. A 1. However, in plaintiff's response to defendant's interrogatory number two, plaintiff identified "contract order form DAHA90-02-P-0063" as the contract between the parties. A 27. Also, plaintiff's claim to the contracting officer identified "Contract No. DAHA 90-02-P-0063" as the contract between the parties. Compl. (attachment 1).

Both parties were aware of this contract price when the agreement was made. The contract also stated that it was for one unit of the Riverbend Meeting Package at the price of $3,638.00 and one unit of the Audio Visual management fee at the price of $1,280.00. A 2.[4] Both of these contract line items were clearly listed as "FFP" for firm-fixed-price. Id.

Furthermore, firm-fixed-price contracts are often used for occasions such as the ANG conferences. Generally, a fixed-price contract is appropriate when the costs of performance can be estimated accurately, limiting the exposure of both parties to unforeseen risks. Info. Sys. & Networks Corp., 64 Fed. Cl. at 605. "A firm-fixed-price contract is suitable for acquiring . . . services . . . when the contracting officer can establish fair and reasonable prices at the outset, such as when . . . [a]vailable cost or pricing information permits realistic estimates of the probable costs of performance." 48 C.F.R. § 16.202-2(c); see also Dalton v. Cessna Aircraft Co., 98 F.3d 1298, 1304-05 (Fed. Cir. 1996). In this situation, the parties arrived at the contract price through an itemized summation of the cost of the services provided. A 2.[5] The costs for food and beverage service, and audio visual equipment had established prices at the outset, which were put into the firm-fixed-price contract. Id. Accordingly, because the contract is a firm-fixed-price contract, the NGB cannot be charged upon a consumption basis. There was no

---

[4] Defendant admits that an unpaid balance of $549.23 remains on the contract between the parties. NGB has not paid this balance because Westin never submitted an invoice for that amount. An invoice is required for the NGB to make payment to a vendor. See 5 C.F.R. § 1315.9.

[5] Defendant notes that the actual attendance of 58-69 people per day during the two two-day ANG conferences is consistent with the estimate by plaintiff of 304 total people, which served as the basis for the agreed upon price of the Riverbend Meeting Package ($3,648.00). A 2, 8-14. Westin's banquet event order forms also display the attendance at the conferences. A 35-40. The conference rooms were never set up for more than 70 people. Id.

written modification to the contract that permitted the NGB to be charged upon a consumption basis. Furthermore, Westin never submitted a request for an equitable adjustment to the contracting officer. Because the dispute between the parties concerns the interpretation of a Government contract, summary judgment should be granted in the Government's favor.

B. Any Modifications Made To The February 1, 2002 Contract Between The Parties Were Not Accomplished By Bilateral Written Agreement As The Contract Required

The contact terms and conditions of 48 C.F.R. § 52.212-4 ("FAR 52.212-4") were incorporated into the agreement between the parties. A 3. That provision states that "changes in the terms and conditions of this contract may be made only by written agreement of the parties." 48 C.F.R. § 52.212-4(c) (emphasis added). Although Westin stated in its responses to defendant's interrogatories that Chief Master Sergeant Chapman made "oral and/or written requests for additional items not originally covered by the contract between the parties," Westin has not produced evidence of any modifications made to the contract by written agreement of the parties. Westin produced various banquet checks and banquet event order forms but none of these documents contain the written agreement of the parties. A 29-40.

"'When the contract language is unambiguous, the [C]ourt's inquiry is at an end and the plain language of the contract is controlling.'" Gen. Dynamics Corp. v. United States, 47 Fed. Cl. 514, 546 (2000) (quoting Goldsmith v. United States, 42 Fed. Cl. 664, 668 (1999)). Where pertinent regulations require that contract modifications be written, "an oral modification that ha[s] not been reduced to writing and signed by both parties [is] ineffective." Mil-Spec Contractrors, Inc. v. United States, 835 F.2d 865, 868 (Fed. Cir. 1987) (citing SCM Corp. v. United States, 219 Cl. Ct. 459, 595 F.2d 595, 598 (1979)). In order to demonstrate that valid

modifications were made to the contract, Westin must produce written modifications to the contract, signed by both parties. Westin has produced none.

C. Even If Written Modifications Were Made To The Contract, The Modifications Were Not Approved By A Government Agent With Explicit Or Implicit Actual Authority To Bind The Government

Even assuming, for argument's sake, that Westin had produced evidence of modifications made by Chief Master Sergeant Chapman, Chief Master Sergeant Chapman lacked actual authority to modify the contract. The Government cannot be bound by the unauthorized acts of its agents. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947). The rationale for this is "the government could scarcely function if it were bound by its employees' unauthorized representations." Goldberg v. Weinberger, 546 F.2d 477, 480 (2d Cir. 1976). Any modifications that Chief Master Sergeant Chapman made to the contract between the parties were unauthorized by the NGB.

In order to recover under a contract with the United States, a plaintiff must show mutuality of intent, consideration, and lack of ambiguity in offer and acceptance. Doe v. United States, 48 Fed. Cl. 495, 501 (2000) (citing Fincke v. United States, 230 Ct. Cl. 233, 675 F.2d 289, 295 (1982)). "In addition, plaintiff must show that the government agent whose conduct was relied upon had actual authority to bind the government in contract." Id. (citing City of El-Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990)). In other words, Westin must show that the Government agent whose conduct was relied upon had actual authority to bind the Government in contract. City of El Centro, 922 F.2d at 820. Apparent authority is insufficient; the issue is whether the purported agent "had been granted the authority to affirmatively obligate the Government." Id.; see also Consortium Venture Corp. v. United States, 5 Cl. Ct. 47, 49

(1984). Also, the plaintiff bears the burden of proof in demonstrating that the Government agent had authority to enter into a contract upon behalf of the Government. Doe, 48 Fed. Cl. at 495 (citing City of El-Centro, 922 F.2d at 821) (additional citations omitted).

Actual authority to bind the Government is either express or implied. H. Landau & Co. v. United States, 886 F.2d 322, 324 (Fed. Cir. 1989). Government employees have express actual authority to bind the Government in contract when such authority is unambiguously granted by the Constitution, regulation, or statute. Doe, 48 Fed. Cl. at 501 (citations omitted).

In this case, Chief Master Sergeant Chapman clearly lacked express authority to bind the Government. Westin has failed to identify any statute or regulation that grants express actual authority to Chief Master Sergeant Chapman, and Westin has not supplied any documentation of authorized delegation to her. Furthermore, in the appendix filed with this motion, we attach affidavits from both Chief Master Sergeant Chapman and Contracting Officer Mary Ann Enz stating that Chief Master Sergeant Chapman did not have contracting authority regarding the Westin contract. A 19-22. In the NGB, only contracting officers have the authority to enter into or modify contracts upon behalf of the Government. See 48 C.F.R. §§ 1.601-03; see also Nat'l Guard Fed. Acquisition Reg. Suppl. §§ 1.601-100, 1.602-1 (Sept. 2004), available at http://www.nationalguardcontracting.org/FAR.htm.

Chief Master Sergeant Chapman also lacked implied actual authority to bind the Government. Authority to bind the Government is generally implied when such authority is considered to be an integral part of the duties assigned to a Government employee. H. Landau & Co., 886 F.2d at 324. Contracting authority is integral to a Government employee's duties when the Government employee could not perform his or her assigned tasks without such authority and

the relevant agency regulation does not grant such authority to other agency employees. JGB Enter. Inc. v. United States, 63 Fed. Cl. 319, 332 (2004). Contracting authority is not an integral part of CMSgt Chapman's duties because (1) she could perform her task without contracting authority, and (2) other agency employees were granted such authority. See 48 C.F.R. §§ 1.601-03.

Chief Master Sergeant Chapman was acting as an "administrative point of contact" for the NGB in this situation. A 21. Contracting authority is not necessary for this role, because any contracts would have to be signed by a contracting officer. Chief Master Sergeant Chapman's duties as a functional manager for the NGB included serving as the primary policy and procedures contact for ANG personnel on all matters concerning financial management issues, such as travel pay, civilian pay, military pay, and entitlements. A 23-25. She also developed, administered, and taught courses on ANG accounting and finance procedures for base finance specialists. Id. Her duties did not include any contracting authority. Id.

Even assuming that Chief Master Sergeant Chapman needed contracting authority to perform her duties, other agency employees were granted such authority. Contracting Officer Mary Ann Enz signed the initial contract and could have made any desired modifications. This distinction between Ms. Enz and Chief Master Sergeant Chapman demonstrates the latter's lack of authority to bind the Government.

Further, and in any event, any unauthorized modifications to the Westin contract were not ratified by the Government. Agreements made by Government agents without authority to bind the Government may be subsequently ratified by those with authority, if ratifying officials have actual or constructive knowledge of the unauthorized acts. Doe, 48 Fed. Cl. at 503;

Harbert/Lummus Agrifuels Projects v. United States, 142 F.3d 1429, 1433 (Fed. Cir. 1998). However, silence cannot be a ratification of a unilateral contract by a Government official. Harbert/Lummus, 142 F.3d at 1433. At no point did the contracting officer ratify any modification that might have been made by Chief Master Sergeant Chapman. The ANG paid only the amount invoiced by Westin on March 21, 2002, A 17-18, an amount less than the total amount of the contract. A 1. Ms. Enz was unaware of any alleged modifications made to the contract until she was informed by Chief Master Sergeant Chapman that Westin was trying to bill the NGB for additional items. A 19-20. Therefore, Westin cannot establish that a Government agent with implicit or explicit actual authority made modifications to its firm-fixed-price contract with the NGB.

Moreover, the only requests that Chief Master Sergeant Chapman made to Westin during the conferences were to move up the coffee portion of the package on the first day to 7:30 AM (instead of 9:30 AM) and for two additional chairs to be placed in the main meeting room. A 21-22. She further states that she did not request Westin to replenish the coffee at 9:30 AM, and that the only service received at 9:30 AM was the contracted snack food. A 21-22. These requests were certainly not material changes to the contract, and it is difficult to comprehend how two additional chairs in the main conference room resulted in an additional charge of $4,197.33 to the NGB. Compare A 1 with A 15.

Westin has failed to identify any evidence to support its claim that Chief Master Sergeant Chapman made "oral and/or written modifications" to the contract between the parties. It has never alleged that it is entitled to an equitable adjustment. Given this, Westin cannot demonstrate that Chief Master Sergeant Chapman had actual authority to bind the Government in

contract or that she made modifications to the contract that were signed by both parties. Therefore, there are no genuine issues of material fact in dispute, and defendant is entitled to judgment as a matter of law.

## CONCLUSION

For these reasons, defendant respectfully requests that the Court grant its motion for summary judgment and dismiss the complaint with prejudice.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy for
Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

OF COUNSEL:

BURTON GRAY
Attorney
Litigation & Employment Law Section
Office of the Chief Counsel
National Guard Bureau
Arlington, VA 22202-3231

June 30, 2005

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2005, a copy of the foregoing "DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND APPENDIX" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad

# INDEX TO APPENDIX


| Description | Page |
|---|---|
| Contract No. DAHA90-02-P-0063 | 1 |
| Affidavit from CMSgt Renee Chapman, dated June 22, 2005, discussing attendance at ANG conferences at Westin | 8 |
| C.A.R.E. Rollout Schedule | 10 |
| Westin Invoice, dated February 19, 2002 | 15 |
| E-mail from Renee Chapman to Jane Troester, dated March 21, 2002 | 16 |
| Westin Invoice, dated March 21, 2002 | 17 |
| Payment Voucher, dated April 19, 2002 | 18 |
| Affidavit from Contracting Officer Mary Ann Enz, dated January 13, 2005 | 19 |
| Affidavit from CMSgt Renee Chapman, dated December 3, 2004, discussing her role during the ANG conferences at Westin | 21 |
| Position Description for CMSgt Renee Chapman | 23 |
| Plaintiff's Answers to Defendant's Interrogatories | 26 |
| Westin's Banquet Checks | 29 |
| Westin's Banquet Event Orders | 35 |