**IN THE UNITED STATE COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| WESTIN RIVERWALK | * | |
| | * | |
| Plaintiff | * | |
| | * | No. 04-1490C |
| | * | (Judge Miller) |
| V. | * | |
| | * | |
| | * | |
| UNITED STATES | * | |
| | * | |
| Defendant | * | |

* * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Westin Riverwalk, by and through its attorneys, Marsden, Botsaris & Seledee, PA, and Joel D. Seledee, Esquire, files its response, and respectfully request this Honorable Court to DENY the Defendant's Motion for Summary Judgment. In support of its response, the Plaintiff refers the Court to, and relies upon, the pleadings in this matter, the following Memorandum, and the Plaintiff's Response to the Defendant's Proposed findings of Uncontroverted Fact.

**PLAINTIFFS MEMORANDUM IN SUPPORT OF ITS RESPONSE**

**Statement of Facts**

During early 2002, Defendant United States Air National Guard (hereinafter "United States") contacted Plaintiff Westin Riverwalk (hereinafter "Westin"), regarding availability of the Plaintiff's hotel/conference facility to host Defendant United States' February, 2002 Conference in San Antonio, Texas. *Def. Mot. @ 1.* After ongoing negotiations between the parties, Defendant United States ultimately selected Plaintiff Westin to host the Conference. *Id. and Def. Mot. @ 1.* In accordance therewith, on or about February 1, 2002, the parties entered into a Purchase Order

Agreement outlining several of the services that Westin would provide to Defendant United States in connection with the hosting of its Conference. *Contract Order Form DAHA90-02-P-0063.* However, there was nothing in the agreement between the parties that indicated that Defendant United States could not request additional services above those listed in the subject Purchase Agreement. *Id.* Furthermore, Defendant United States never informed Plaintiff Westin that requests for additional services needed to proceed through a "contracting officer" of the Air National Guard.

Defendant United States appointed Renee Chapman as its sole on-site authorized representative at the February, 2002 conference. *Pl. Interrogatory Resp. #3.* While at the conference, Ms. Chapman, on several occasions, informed representatives of Westin that she was authorized to order additional services on behalf of Defendant United States. *Id.* In accordance therewith, Ms. Chapman, as authorized agent of Defendant United States, ordered several types of food, beverages and/or services for the conference participants. *Id.* Ms. Chapman signed for each such order, and again stated that she was authorized to do so on Defendant United States' behalf. *Id.*

Upon conclusion of the conference, Plaintiff Westin forwarded to Defendant United States an invoice in the amount of $9,125.33 for services rendered to the Defendant. Defendant tendered partial payment in the amount of $4,378.77 to the Plaintiff. Subsequently, Defendant United States refused to pay the remaining balance due of $4,746.56, stating that it was not responsible for the request of its authorized on-site representative, Ms. Chapman.

Plaintiff Westin and its agents have continued to pursue Defendant United States for payment of its outstanding debt. However, Defendant United States has continued to refuse payment of said debt.

## I. STANDARD OF REVIEW – SUMMARY JUDGMENT - (RCFC Rule 56)

Defendant United States has issued a Motion for Summary Judgment against Plaintiff Westin

in accordance with the provisions of RCFC 56. As the Defendant has properly and accurately stated, summary disposition is any appropriate remedy only in instances where there exists no genuine dispute as to material facts [citations omitted]. *Def. Mot. Pg. 3*. Applying this legal standard to the facts of the instant case make it clear that entry of Summary Judgment against Plaintiff Westin would be both inappropriate and substantially premature.

There is no dispute in the current action regarding the fact that Ms. Chapman requested services of Plaintiff Westin, and that Plaintiff Westin responded to same in a workmanlike and satisfactory fashion. The sole issue behind the Defendant's Motion for Summary Judgment is their contention that Ms. Chapman lacked sufficient authority to contractually bind Defendant United States for payment of such services. However, Plaintiff Westin has clearly plead facts, when viewed in the light most favorable to the Plaintiff, which sufficiently support its assertion that Ms. Chapman was, in fact, authorized to bind the United States.

Defendant United States argues throughout its supporting Memorandum that Westin has alleged no facts which would support that Renee Chapman had authority to bind the United States and, in fact, The Defendant bases its argument on the self-serving pronouncement that there are no facts which would support such an allegation because the employee had no authority. As such, the Defendant contends no genuine dispute regarding Ms. Chapman's authority exists, and Defendant should be entitled to entry of Summary Judgment. However, a review of the facts of this claim indicate otherwise. The Defendant simply chooses to ignore the facts presented.

As Plaintiff Westin has stated throughout this Memorandum and in its Response to the Statement of Genuine Facts of the Defendant, Ms. Chapman repeatedly informed the Plaintiff the she was authorized to purchase supplies and/or services on the Defendant's behalf. *Pl. Interrogatory Resp. #3.* At all times relevant hereto, Defendant United States asserted that Ms. Chapman was their sole on-site authorized representative for the February, 2002 conference. *Id.* The Defendant never indicated that there were any limitations or restrictions upon Ms. Chapman's powers as the Defendant's authorized representative, and certainly never indicated that Ms. Chapman lacked the authority to purchase items/services on the Defendant's behalf. *Id.*. Given these assertions from Defendant United States, Ms.Chapman and other representatives of the Defendant, Plaintiff Westin reasonably accepted that Ms. Chapman was authorized to contractually bind Defendant United States, and provided the services requested to Defendant United State in reliance thereon.

Despite the contrary contention of the Defendant, the issue of whether or not Ms. Chapman had express/implied authority to contractually bind Defendant United States remains in dispute. As such, the issue cannot properly serve as the grounds for a grant of Summary Judgment. Furthermore, Plaintiff Westin has not been afforded sufficient time to conduct written discovery, nor to depose Ms. Chapman and other representatives of the Defendant who were the ones who dealt with the Plaintiff. Accordingly, entry of Summary Judgment against the Plaintiff in this matter would be both inappropriate and premature. The Defendant's Motion for Summary Judgment should therefore be DENIED.

## II. PLAINTIFF IS ENTITLED TO ADDITIONAL DISCOVERY

Since the inception of this litigation, it has been the contention of the Defendant that its employee, Renee Chapman lacked authority to bind the Defendant to goods and services purchased by Ms. Chapman at the 2002 conference *Def. Motion @ 8.*. In order to verify this

contention, the Plaintiff has made attempts at contacting Ms. Chapman for further clarification of her role in this matter. While Ms. Chapman recently executed the Defendant's Interrogatory responses, and has executed an affidavit on the Defendant's behalf in connection with their filing of the instant Motion, the Plaintiff's has been informed that Ms. Chapman no longer works for the Air National Guard. As such, the Plaintiff has been denied access to Ms. Chapman, and has been denied its right to fully seek necessary discovery in this matter. Plaintiff has not been afforded the opportunity to interview Ms. Chapman and determine what authority, if any, she contends she was given by his superiors/principals at the United States. Without this information, the Plaintiff is unable to fully respond to the legal and factual claims contained in Defendant's Motion for Summary Judgment.

RCFC 56(f) was drafted with the intention of addressing the factual situation described above. When a moving party has been denied adequate discovery to fairly and properly respond to a party's motion for summary judgment, "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or make such other order as is just". RCFC 56(f). The right of a non-moving party to have this necessary discovery has been further upheld by the Federal Courts. *See* Opryland USA, Inc. v. Great American Music Show, Inc., 970 F.2d 847 (Fed. Cir. 1992). Additionally, "the Supreme Court has made clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery". Dunkin' Donuts of America, Inc. v. Metallurgical Exoproducts Corp., 84 F.2d 917, 919 (Fed. Cir. 1988).

In this matter, not only has there been inadequate discovery, there has been no opportunity for any discovery whatsoever with regard to Ms. Chapman. To permit this matter to be disposed of by summary judgment at such a preliminary stage in the proceedings oversteps

the procedural reach of RCFC 56. Until the Plaintiff is granted the opportunity to undertake discovery with regard to the whereabouts and/or deposition of Renee Chapman, Defendant's Motion for Summary Judgment should be denied under the relevant provisions of RCFC 56(f), as well as the mandates of the supporting case law. In the alternative, this Honorable Court should delay its ruling on Defendant's Motion for Summary Judgment until such sufficient discovery can be completed.

## III. DEFENDANT'S EMPLOYEE HAD APPARENT AUTHORITY TO BIND THE DEFENDANT

While the Federal Government cannot generally be bound by an agent acting outside of their actual authority, the Federal Courts have created a clear and consistent exception to this Rule. Specifically, "a principal whose actions have given a third party reasonable grounds for assuming that the principal's agent has certain authority is estopped from pleading the agent's lack of authority". Strann v. United States, 2 Cl. Ct. 782 (1983). Based upon the assertions contained in the Plaintiff's sworn Interrogatory responses, the Defendant clearly gave Plaintiff Westin reasonable grounds for assuming that Defendant's agent, Renee Chapman, had authority to purchase additional goods on the government's behalf. Under the holding in Strann, the Defendant is effectively estopped from pursuing its defense of lack of authority.

Specifically, Jane Troester, Credit Manager for the Plaintiff testified that "Renee Chapman, Meeting Planner for the Defendant, made several changes to the original contract between the parties. Specifically, while on site during the subject convention, Renee Chapman made oral and/or written request for additional items not originally covered by the contract between the parties. Ms. Chapman had been identified by the Defendant as its on-site representative with authority to bind the Defendant with regard to amendments and/or additions to the original contract". *Pl. Interrogatory #3*.. Having confirmed Ms. Chapman's authority

with the Defendant, the Plaintiff reasonably assumed that Ms. Chapman was authorized to purchase the goods and services in question. In reasonable reliance thereon, Plaintiff allowed Ms. Chapman to sign for these goods and services on Defendant's behalf. Based upon the actions of the Defendant in affirming the authority of Ms. Chapman, as well as the holding in Strann, the Defendant is barred from claiming that its agent lacked authority.

The Rule established by the Federal Court in Strann is further supported by additional court decisions. The Federal Court has held that when an official of a contracting agency is not a contracting officer, but has been sent by contracting officers for the express purpose of giving guidance in connection with a contract, the contractor is justified in relying on the representations of the purported agent. Rudderer v. United States, 188 Ct. Cl. 456, 412 S.2d 1285 (1969). This is precisely what transpired in the subject case. Although allegedly not a contracting officer, Ms. Chapman was expressly sent to the February, 2002 conference to serve as the on-site representative of the Defendant. *Pl. Interrogatory #3.*. In fact, Defendant expressly informed the Plaintiff that its employee, Renee Chapman, was to serve in precisely that capacity while attending the conference. *Id*. When Renee Chapman contended that she was entitled to make purchases on behalf of the Defendant, the contractor, Westin, was clearly justified in relying on these representations. Although Ms. Chapman may not have been an actual contracting agent, the ruling in Rudderer makes that fact irrelevant. The mere fact that Chapman was on site to provide guidance in connection with the original contract binds the Defendant to the purchases made by Chapman.

## IV. PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF

Even should the Court determine that the Defendant 's agent, Renee Chapman, was unable to contractually bind the Defendant to purchase of the items in question, Plaintiff Westin is entitled to

equitable relief for the goods and services that it provided. The Federal Courts have long adhered to a policy of permitting equitable relief under the quasi-contractual theory of quantum meriut. As early as 1935, the Federal Courts stated that an action will lie whenever a Defendant, either individual or governmental, has received a benefit for which the Defendant is obliged, by natural justice and equity, to refund to the Plaintiff. Bull v. United States, 81 Ct. Cl. 974, 55S. Ct. 695 (1935). To establish its claim for unjust enrichment, a Plaintiff must merely demonstrate that benefit was conferred upon, and appreciated by, the adverse party, and that the benefit would be inequitable for the adverse party to retain benefit without payment of its value. Nematollahi v. United States, 38 Fed. Cl. 224.

There is no dispute in this matter that the employees of the Defendant received a benefit as a result of the goods and services provided by the Plaintiff. The Defendant's employees were provided with additional food, beverages, entertainment, and lodging as a result of the services provided by Plaintiff Westin. It is beyond dispute that these services were appreciated by the Defendant and its employees who were attending the February, 2002 conference. For these reasons, under the law established by the holdings in Bull and Nematollahi, Defendant is equitably liable for the sums claimed due and owing by the Plaintiff in its Complaint.

## V. CONCLUSION

For the reasons stated more fully above, the Defendant's Motion for Summary Judgment should be denied. Additionally, Plaintiff Westin should be permitted time and opportunity to conduct discovery with regard to the whereabouts and/or deposition of Renee Chapman.

/s/

Joel D. Seledee
Marsden, Botsaris & Seledee, PA
1 N. Charles Street
Suite 2300
Baltimore, MD 21201

Attorney for Plaintiff

**CERTIFICATION OF MAILING**

I HEREBY CERTIFY on this 1st day of August, 2005, that a copy of Plaintiff Westin Riverwalk's Response to Defendant The United States of America's Motion for Summary Judgment and Order was mailed, postage prepaid, first class mail, to Dawn S. Conrad, Esquire, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, 1100 L Street NW, Classification Unit, 8th Floor, Washington, DC 20530, Attorney for Defendant, and that the original unaltered document will remain in our office file until after trial and the expiration of any appeal period.

/s/
Joel D. Seledee

6591

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WESTIN RIVERWALK *

Plaintiff *

V * CASE NO: 04-1490C

THE UNITED STATES OF AMERICA *
(U.S. Air National Guard)
*
Defendant
* * * * * * * * * * * * * * *

**ORDER**

Upon consideration of Plaintiff Westin Riverwalk's Response to Defendant The United States of America's Motion for Summary Judgment, it is this ____ day of ___________________, 2005, by the United States Court of Federal Claims; hereby

**ORDERED** that Defendant The United States of America's Motion for Summary Judgment be and the same is hereby **DENIED**; and it is further

**ORDERED** that Defendant The United States of America locate Renee Chapman and provide her for deposition at the request of the Plaintiff.

_______________________________
JUDGE

Copies to:

Joel D. Seledee, Esquire
1 N. Charles Street, Suite 2300
Baltimore, MD 21201

Dawn Conrad, Esquire
Trial Attorney
Commercial Litigation Branch, Civil Division
United States Department of Justice
1100 L Street NW
Classification Unit, 8th Floor
Washington, DC 20530

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

WESTIN RIVERWALK *

Plaintiff *

V * CASE NO: 04-1490C

THE UNITED STATES OF AMERICA *
(U.S. Air National Guard)
*

Defendant

* * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS**

Pursuant to Rule 56 of the Rules of the Court of Federal Claims, Plaintiff respectfully submits its response to the Defendant's Proposed Findings of Uncontroverted Facts.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 1

Plaintiff, Westin Riverwalk ("Westin"), is a hotel located in San Antonio Texas.

RESPONSE NO: 1

The Plaintiff admits the allegation.

UNCONTROVERTED FACT NO: 2

Plaintiff entered into contract number DAHA90-02-P-0063 with the National Guard Bureau's Acquisition Office ("NGB-AQ") on February 1, 2002.

RESPONSE NO: 2

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 3

The contract was for: (1) food and beverage service and (2) audio visual equipment that were to be provided for the Air National Guard ("ANG") at the Westin from February 11 to February 15,

2002.

RESPONSE NO: 3

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 4

The contract reflected a total award amount of $4,928.00

RESPONSE NO: 4

The Plaintiff admits that the purchase order entered into by the parties was in the base amount of $4,928.00, however the purchase order did not represent each and every service requested by the Defendant in connection with the subject conference.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 5

The contract incorporates FAR 52.212-4, "Contract Terms and Conditions – Commercial Items," dated May 2001.

RESPONSE NO: 5

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 6

Contracting Officer Mary Ann Enz signed the contract upon behalf of the Government.

RESPONSE NO: 6

The Plaintiff admits that the contract bears the signature of Ms. Enz. However, not being present at the time of the contracts execution, the Plaintiff lacks sufficient evidence to confirm or deny whether the agreement was actually signed by Ms. Enz.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 7

Two ANG conferences took place at the Westin between February 11 and February 15, 2002.

RESPONSE NO: 7

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 8

Fifty-eight people attended the first conference, which occurred on February 12 and February 13, 2002.

RESPONSE NO: 8

The Plaintiff lacks sufficient information to either admit or deny the allegation. The allegation is therefore denied. Defendant's statement #8 is disputed.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 9

Sixty-nine people attended the first conference, which occurred on February 14 and February 15, 2002.

RESPONSE NO: 9

The Plaintiff lacks sufficient information to either admit or deny the allegation. The allegation is therefore denied.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 10

Chief Master Sergeant Renee Chapman served as the contracting officer's representative during the conferences at the Westin. She is not, nor is currently, a contracting officer.

RESPONSE NO: 10

With regard to the contention that Ms. Chapman served as the Defendant's sole on-site representative, the Plaintiff agrees. However, the Plaintiff lacks sufficient information to admit or deny the assertion that Ms. Chapman is not a contracting officer, the assertion is therefore denied.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 11

The contracting officer, Mary Ann Enz, did not delegate contracting authority to anyone on the contract.

RESPONSE NO: 11

This is disputed. Chapman and the Defendant represented to the Plaintiff that Chapman was the on-site authorized representative of Defendant. Additionally, Plaintiff is entitled to at least basic discovery to develop further evidence of its position and the Defendant's representations. This includes deposing Chapman who upon information and belief is still employed by the Defendant, but whose whereabouts the Defendant has not yet provided.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 12

After the conference, on February 19, 2002, the ANG received an invoice from the Westin requesting payment in the amount of $9,125.33.

RESPONSE NO: 12

The Plaintiff agrees that an invoice in this amount was sent. However, the Plaintiff lacks sufficient information to confirm of deny whether the invoice was received by the Defendant on February 19, 2002.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 13

Chief Master Sergeant Chapman disputed the amount of this invoice with Jane Troester, Westin's Credit Manager, via electronic mail on March 21, 2002.

RESPONSE NO: 13

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 14

On March 26, 2002, the ANG received another invoice from the Westin requesting payment in the amount of $4,378.77.

RESPONSE NO: 14

The Plaintiff agrees that an invoice in this amount was sent. However, the Plaintiff lacks

sufficient information to confirm of deny whether the invoice was received by the Defendant on March 26, 2002. Furthermore, the Plaintiff sent an invoice in the amount of $4,378.77 at the Defendant's request. Plaintiff was requested to send an invoice for this undisputed amount while the disputed portion of the claim was resolved.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 15

On April 23, 2002, the Air National Guard Financial Office ("ANG/FMFA") made a payment of Westin in the amount of $4,378.77.

RESPONSE NO: 15

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 16

On September 18, 2003, Westin, through counsel, made a claim upon contract number DAHA90-02-P-0063 in the amount of $4,746.56 to Contracting Officer Mary Ann Enz.

RESPONSE NO: 16

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 17

Contracting Officer Mary Ann Enz did not respond to Westin's claim.

RESPONSE NO: 17

The Plaintiff admits the allegation.

DEFENDANT'S ALLEGED UNCONTROVERTED FACT NO: 18

Westin filed this lawsuit on September 24, 2004.

RESPONSE NO: 18

The Plaintiff admits the allegation.

_______/s/____________________
Joel D. Seledee
Marsden, Botsaris & Seledee, PA
1 N. Charles Street – Ste. 2300
Baltimore, Maryland 21201
(410) 783-2700
Attorney for Plaintiff

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

WESTIN RIVERWALK *

Plaintiff *

No. 04-1490C

v. * (Judge Miller)

UNITED STATES *

Defendant

* * * * * * * * * * * *

CERTIFICATE OF SERVICE
REGARDING DISCOVERY

I HEREBY CERTIFY that on this 1st day of August, 2005, a copy of the PLAINTIFF'S RESPONSE TO DEFENDANTS PROPOSED FINDINGS OF UNCONTROVERTED FACTS was mailed first class, postage prepaid to: Dawn Conrad, Esquire, Commercial Litigation Branch, Civil Division, Dept. of Justice, 1100 L Street, N.W., ATTN: Classification Unit, 8th Floor, Washington, DC 20530, Attorney for Defendant, and that the original unaltered document will remain in our office file until after trial and the expiration of any appeal period.

/s/

Joel D. Seledee
Marsden, Botsaris & Seledee, PA
1 N. Charles Street – Ste. 2300
Baltimore, Maryland 21201
(410) 783-2700
Attorney for Plaintiff